FILED
SUPERIOR COURT
OF GUAM

2022 JAN 26 PM 4: 51

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,**<br><br>v.<br><br>**JOHN RICHARD BASS III,**<br>DOB: 07/18/1993<br><br>Defendant. | **Criminal Case No. CF0284-21**<br>GPD Report No. 21-13694<br><br>**DECISION AND ORDER FINDING DEFENDANT COMPETENT TO STAND TRIAL AND REJECTING PLEA OF NOT GUILTY BY REASON OF MENTAL ILLNESS, DISEASE, OR DEFECT** |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on November 17, 2021 for a Competency Hearing. Assistant Attorney General Jeremiah Luther represents the People, and Alternate Public Defender Peter Santos represents John Richard Bass III ("Defendant"). Having duly considered the Defendant's Forensic Evaluation, Dr. Rapadas's testimony, the parties' oral arguments, and the applicable law, the Court now issues the following Decision and Order and **finds Defendant competent to stand trial and rejects Defendant's plea of Not Guilty By Reason of Mental Illness, Disease, or Defect.**

## BACKGROUND

On June 6, 2021, Defendant was arrested and charged with Charge One: Murder (as a 1st Degree Felony) and Charge Two: Aggravated Assault (as a 2nd Degree Felony) (*Two Counts*). See Indictment (Jun. 17, 2021). Each charge carries a *Special Allegation*: Possession or Use of a Deadly Weapon in the Commission of a Felony. Id. Defendant allegedly stabbed his ex-girlfriend Virginia Laguana to death, and also stabbed her daughter who tried to stop the attack. See Magistrate's Complaint (Jun. 8, 2021).

Decision and Order Finding Defendant Competent to Stand Trial and Rejecting Plea of Not Guilty By Reason of
Mental Illness, Disease, or Defect
CF0284-21, *People of Guam v. John Richard Bass III*
Page 1 of 4

On June 30, 2021, Defendant pled Not Guilty By Reason of Mental Illness, Disease, or Defect. See Minute Entry (Jun. 30, 2021). Pursuant to 9 G.C.A. §7.25, the Client Services and Family Counseling Division of the Superior Court of Guam ("CSFC") arranged for Defendant to undergo a forensic evaluation with a qualified psychologist. See Order for Forensic Evaluation (Jul. 1, 2021).

On July 20, 2021, Defendant underwent his forensic evaluation with Dr. Juan Rapadas, an expert clinical psychologist at CSFC. See Forensic Evaluation at 2 (Aug. 12, 2021).

The Court held a hearing on November 17, 2021 to determine Defendant's competency to stand trial and to review his plea. After hearing the arguments of the parties, the Court took the matter Under Advisement.

## DISCUSSION

"A defendant is incompetent to be proceeded against in a criminal action if, as a result of mental illness... he is unable (1) to understand the nature of the proceedings, (2) to assist and cooperate with counsel, (3) to follow the evidence, or (4) to participate in his defense." 9 G.C.A. § 7.37(a)(1)-(4).

Defendant appeared mentally sound throughout the forensic evaluation. Defendant was oriented to person, place, time, situation, and object. See Forensic Evaluation at 5 (Aug. 12, 2021). Defendant understood why he was taking a forensic examination, and showed "good" attention and concentration throughout the assessment. Id. at 5. Defendant's speech flow and content were also appropriate to mood and situation. Id. at 6. Defendant spoke in an organized and focused manner, and appeared to understand all the questions that were asked. Id. at 6. Defendant also showed reliable short and long-term memory, explicitly detailing his childhood, family life, education, and work history. Id. at 3-4.

Defendant underwent a mini-mental status examination ("MMSE"), which is a brief test used to gage the Defendant's current orientation, object registration, attention, memory, and language recognition skills. Id at 6. Defendant scored a 27/30 on the MMSE, which indicates he is likely not

Decision and Order Finding Defendant Competent to Stand Trial and Rejecting Plea of Not Guilty By Reason of Mental Illness, Disease, or Defect
CF0284-21, *People of Guam v. John Richard Bass III*
Page 2 of 4

suffering from overall cognitive weaknesses or dementia. Id. at 6. Defendant also took a Test of Non-Verbal Intelligence, 4th Edition ("TONI-4), which is a test used to measure general cognitive ability. Id. at 7. Defendant scored in the 21[st] percentile, placing him in the "just below the average range" of functioning. Id. at 7.

Defendant's understanding of the criminal proceedings also seems fair. Defendant knew numerous details surrounding his case, including the nature of the charges against him and the name of his judge. Id. at 9. In fact, Defendant was even able to provide accurate details and status updates concerning criminal charges against him from years past. Id. at 3. Defendant also knew basic legal concepts and terms such as the difference between a "felony" and a "misdemeanor". Id. at 9. Defendant seems emotionally and cognitively invested in his court case and takes it seriously. Id. at 9. This investment, combined with Defendant's ability and willingness to rationally talk with his attorney suggest Defendant can work alongside his counsel to collectively prepare a defense.

It is noteworthy that Defendant has previously experienced significant mental health issues, and is diagnosed with Adjustment disorder, anxiety, and depression. Id. at 4. Defendant was hospitalized twice at the Guam Behavioral Health and Wellness Center ("GBHWC") in 2019 following suicide attempts. Id. at 4. However, GBHWC closed his case in December, 2019 after determining he "no longer needed current level of care". Id. at 4. Defendant continues to experience symptoms of anxiety and depression, and attempted suicide again in June, 2021. Id. at 4. These symptoms have increased since Defendant's incarceration. Id. at 5. During his forensic evaluation, Defendant completed a Symptom Checklist-90-Revised ("SCL-90R") which is a self-report inventory used to screen for psychological problems. Id. at 7. Defendant's results showed extremely high distress levels surrounding his depression and anxiety. Id. at 8. Defendant currently denies any visual or auditory hallucinations. Id. at 4.

Decision and Order Finding Defendant Competent to Stand Trial and Rejecting Plea of Not Guilty By Reason of Mental Illness, Disease, or Defect
CF0284-21, *People of Guam v. John Richard Bass III*
Page **3** of **4**

Taking all data in total, Defendant is currently competent to be proceeded against and to be sentenced. As Dr. Rapadas laid out in his report, Defendant can rationally engage in conversation with his attorney, process any legal advice they may provide, and help plan a defense strategy. Although Defendant is undoubtedly experiencing depression and anxiety, he is currently on psychiatric medications to aid his symptoms. Defendant's ability to engage in rational conversations, combined with his average MMSE Test results indicate he has no major cognitive weaknesses or mental illness preventing him from assisting in his defense.

## CONCLUSION

For the reasons started above, the Court makes the following findings of fact and conclusions of law:

- Defendant does possess the mental competency "(1) to understand the nature of the proceedings, (2) to assist and cooperate with counsel, (3) to follow the evidence, or (4) to participate in his defense." 9 G.C.A. § 7.37(a)(1)-(4).

- Defendant is currently competent to stand trial. The Defendant's case will not be transferred to Mental Health Court because Defendant was deemed competent. Defendant can make any diminished capacity defense he may have at trial.

**IT IS SO ORDERED** this **Jan. 26, 2022** _nunc pro tunc_ to November 17, 2021.



_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Finding Defendant Competent to Stand Trial and Rejecting Plea of Not Guilty By Reason of
Mental Illness, Disease, or Defect
CF0284-21, _People of Guam v. John Richard Bass III_
Page 4 of 4